UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ADAMIRKA GARCIA,

                              Plaintiff,                    **FIRST AMENDED**
                                                            **COMPLAINT**

            -against-                                       14 CV 7581 (RWS)

THE CITY OF NEW YORK                                        **JURY TRIAL**
DETECTIVE JESUS GUZMAN (TAX 925409),                        **DEMANDED**
SERGEANT PATRICIO OVANDO (TAX 922922),
DETECTIVE GREGORY LARSEN (TAX 925583),
DETECTIVE MICHAEL SMYTH (TAX 927535),
DETECTIVE BRIAN PASTULA (TAX 943653), and
DETECTIVE DAVID ROJAS (TAX 916590),

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

            Plaintiff, Adamirka Garcia, by her attorneys, Reibman & Weiner, as and for her

Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

            1.      At all times hereinafter mentioned, plaintiff Adamirka Garcia, was an

adult female resident of Bronx County, within the State of New York.

            2.      At all relevant times hereinafter mentioned, defendant City of New York

("New York City"), was and is a municipal corporation duly organized and existing under and by

virtue of the laws of the State of New York and acts by and through its agencies, employees and

agents, including, but not limited to, the New York City Police Department ("NYPD"), and their

employees.

            3.      At all relevant times hereinafter mentioned, defendant Detective Jesus

Guzman was and is an individual employed by the City of New York as a member of the NYPD.

Detective Guzman is currently assigned to the Bronx Narcotic Division of the NYPD.

4.      At all relevant times hereinafter mentioned, defendant Sergeant Patricio Ovando was and is an individual employed by the City of New York as a member of the NYPD. Sergeant Ovando is currently assigned to the Bronx Narcotic Division of the NYPD.

5.      At all relevant times hereinafter mentioned, defendant Detective Gregory Larsen was an individual employed by the City of New York as a member of the NYPD.  Upon information and belief, defendant Larsen is no longer employed by the NYPD.

6.      At all relevant times hereinafter mentioned, defendant Detective Michael Smyth was and is an individual employed by the City of New York as a member of the NYPD. Detective Smyth is currently assigned to the Bronx Narcotic Division of the NYPD.

7.      At all relevant times hereinafter mentioned, defendant Detective Brian Pastula was and is an individual employed by the City of New York as a member of the NYPD. Detective Pastula is currently assigned to the Bronx Narcotic Division of the NYPD.

8.      At all relevant times hereinafter mentioned, defendant Detective David Rojas was and is an individual employed by the City of New York as a member of the NYPD. Detective Rojas is currently assigned to the Manhattan Court Section of the NYPD.

9.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

10.      Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

11.     On October 3, 2012, at about 3:00 p.m. (the "Date of the Arrest"), plaintiff was lawfully present inside of her apartment located at 6683 Broadway in the County of Bronx, City and State of New York (the "Scene of the Arrest").

12.     At or about this time, the individual defendants arrived and entered plaintiff's apartment without permission, warrant, or any other legal justification.

13.     The defendants were not invited into the premises nor was their entry consented to by plaintiff, or any other individual authorized to so consent.

14.     There were no exigent circumstances present that would permit defendants to enter the premises absent a warrant or invitation.

15.     The defendants did not display a warrant to justify their entry into the premises and refused to produce one after the plaintiff asked while the parties were inside the premises.

16.     Plaintiff was not engaged in any unlawful or suspicious behavior.

17.     Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants searched plaintiff.

18.     The search yielded no evidence of any guns, drugs, or contraband.

19.     At no time did defendants have probable cause to seize, detain or arrest plaintiff, nor was it reasonable for the defendants to believe that such cause existed.

20.     Without any legal justification or excuse, the defendants then searched plaintiff's home.

21.     The search yielded no evidence of any guns, drugs, or contraband.

3

22.     At no time did defendants have a legal basis to enter the premises or search anywhere within the premises, nor was it reasonable for the defendants to believe that such a basis existed.

23.     Plaintiff complied with defendants' orders but proceeded to call 911 while the parties were still inside of the premises to report defendants' illegal entry and search of plaintiff and her home.

24.     Despite the absence of any evidence of wrong doing on the part of the plaintiff, the defendants placed plaintiff in handcuffs.

25.     Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants formally arrested plaintiff.

26.     The decision to arrest plaintiff was objectively unreasonable under the circumstances.

27.     Defendants then took plaintiff to a holding facility of the 47th Precinct of the NYPD, where she was held for many hours before she was arraigned on a criminal complaint containing false allegations sworn to by defendant Guzman.

28.     Pursuant to the false allegations sworn to in the Complaint, plaintiff was arraigned for resisting arrest, obstructing governmental administration, and disorderly conduct, all of which defendant Guzman swore occurred inside of plaintiff's home located at the scene of the arrest.

29.     Plaintiff was then released with a future court date and prosecuted for over a year pursuant to the false allegations made by defendant Guzman before she acceded to an adjournment in contemplation of dismissal.

30.     Accordingly, plaintiff's charges were dismissed in her favor.

31.     At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

32.     At no time prior to or during the encounter was there probable cause to arrest plaintiff.

33.     At no time did any defendants take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against plaintiff.

34.     The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

35.     That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

36.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

37.     At no time did defendants have any legal basis for arresting or imprisoning plaintiff, commencing criminal process, or using physical force against her, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

38.     Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

39.     By so doing, the individual defendants, individually and collectively, subjected plaintiff to false arrest and imprisonment, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

40.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## SECOND CAUSE OF ACTION

41.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

42.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

43.     Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct

6

in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

44.     The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and  intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

45.     All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

46.     The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

a.     Using excessive force on individuals, including but not limited to those who have already been handcuffed;

b.     Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

c.     Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

d.     Retaliating against officers who report police misconduct; and

e.    Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

47.    The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

a.    *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

b.    *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

c.    *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);

d.    *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

e.    *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

f.    *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

g.    *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (SD.N.Y.);

h.    *Carmody* v. *City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

i.    *McMillan* v. *City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j.    *Avent* v. *City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

k.    *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

l.    *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

m.    *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

n.    *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

o.    *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

p.    *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

q.    *Walton v. Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

r.      *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

s.      *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

48.      In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

49.      Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

50.      It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

51.      By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i.      On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

ii.     On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iii.    On the Second Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

iv.     Statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

v.      such other relief as the Court deems just and proper.

Dated:  Brooklyn, New York
        March 2, 2015

                        By:         /s/
                                Jessica Massimi (JM-2920)
                                Reibman & Weiner
                                Attorneys for Plaintiff
                                26 Court Street, Suite 1808
                                Brooklyn, New York 11242
                                718-522-1743

10